■    ANTHONY MARINO CONSTRUCTION CORPORATION, Appellant, v F. & J. SALES CORP. et al., Respondents.—Order, Supreme Court, New York County, entered September 7, 1979, which denied so much of plaintiff's motion as sought an order dismissing the affirmative defense of Statute of Limitations as to its first cause of action, and sought summary judgment on its first cause of action and allowed the defendants to renew their cross motion to amend their answer, unanimously reversed, on the law and the facts, to strike the affirmative defense of Statute of Limitations as to the first cause of action, grant summary judgment to plaintiff on its first cause of action and deny defendants' cross motion to amend their answer, together with costs. Plaintiff loaned defendant F. & J. Sales Corp. (F & J) the sum of $25,000 pursuant to a written agreement in which F & J promised to repay said sum, with interest at the rate of 7%, at the time of closing of a contemplated mortgage loan between New York State Finance Agency as lender and Maggiacomo Memorial Nursing Home Corp. (Maggiacomo), organized for the purpose of constructing a health-related facility within the meaning of the Public Health Law. The agreement further provided that the loan would be repaid eight months from November 9, 1972 in the event the closing of the mortgage loan did not take place within that eight-month period. The individual defendant, Joseph Butera (Butera), guaranteed repayment of the loan. The proposed mortgage loan did not close during the eight-month period. Thus, the subject loan, plus interest at 7%, became due July 9, 1973, eight months after the making of the loan, since the loan was payable on that date if the mortgage loan did not close prior thereto. Since the repayment date of the loan was July 9, 1973, the six-year Statute of Limitations began to run on that date. (CPLR 213, subd 2.) As Special Term held, service on both defendants was properly made within the six years. On plaintiff's motion for summary judgment, Special Term held there was a question of fact as to whether the six-year Statute of Limitations had expired, because the statute would not begin to run until discovery of the fraud. Special Term apparently considered only the second cause of action for fraud. However, the first cause of action to recover money loaned did not rely upon fraud. Since it is not denied that the money was loaned and not repaid, and Special Term ruled that the action was timely commenced and service of process was proper, the defense of Statute of Limitations to the first cause of action should have been stricken and summary judgment should have been granted to plaintiff on the first cause of action. Defendants' cross motion for leave to serve an amended answer asserting a counterclaim arising out of another contract was denied, without prejudice to renewal upon a proper affidavit of merit. There was a failure to show the contract was made with plaintiff and not some other corporation. So far as appears, no renewal motion was made to amend the answer to include the

counterclaim. On the state of the record the motion for leave to amend the answer is deemed denied. Settle order. Concur—Kupferman, J. P., Fein, Sandler, Bloom and Yesawich, JJ.